# In the United States Court of Federal Claims

No. 07-205C
(Filed October 15, 2008)
TO BE PUBLISHED

---

|  |  |  |
|---|---|---|
| JEFFREY B. MORGAN, | ) | Fair Labor Standards Act, 29 U.S.C. §§ 201-219 |
|  | ) | (2000); Portal-to-Portal Act, 29 U.S.C. §§ 251- |
| Plaintiff, | ) | 262 (2000); compensation for time solely spent |
|  | ) | driving between home and work; statutory |
|  | ) | interpretation; deference to agency regulations; |
| v. | ) | motion for judgment on the pleadings pursuant |
|  | ) | to RCFC 12(c); motion for summary judgment |
|  | ) | pursuant to RCFC 56; binding effect of |
| THE UNITED STATES, | ) | controlling Federal Circuit precedent |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

---

Jules Bernstein, Bernstein & Lipsett, Washington, D.C., for plaintiff.  Linda Lipsett, Bernstein & Lipsett, Washington, D.C., and Edgar James, James & Hoffman, Washington, D.C., of counsel.

Shalom Brilliant, Senior Trial Attorney, Todd M. Hughes, Deputy Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, and Gregory G. Katsas, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.  Michael J. Dierberg and William P. Rayel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This matter is before the Court on defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of the Court of Federal Claims ("RCFC") (Def.'s Mot., docket entry 17), filed June 30, 2006, seeking dismissal of plaintiff's claim for compensation for "time solely spent driving a government vehicle between home and work."  On July 31, 2008, plaintiff filed a response to the motion (Pl.'s Response, docket entry 19), to which defendant filed a reply on August 14, 2008 (Def.'s Reply, docket entry 20).  For the reasons discussed below, defendant's motion for judgment on the pleadings is **GRANTED**.

### *BACKGROUND*

Plaintiff is employed by the Drug Enforcement Administration ("DEA") as a diversion investigator.  In this action, plaintiff alleges he is due compensation, including back pay, liquidated damages, interest, and attorneys' fees and costs, by reason of defendant's having inappropriately treated him as an employee exempt from the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (2000) ("FLSA").  This case is one of many similar cases brought in this court, some of which have been consolidated, in which employees of the DEA and various other government agencies assert similar claims contesting their designation as exempt from the FLSA.  *See* Notice of Indirectly Related Cases (docket entry 4, March 28, 2007).

Pursuant to Rule 16 and Appendix A of the RCFC, the parties filed a joint preliminary status report (docket entry 7, July 18, 2007) in which they stated there was "a reasonable likelihood" they would be able to settle all issues except whether plaintiff is "entitled to be compensated for driving a government-owned vehicle from home to work and work to home." One of the related cases that was further along in the litigation process than this case involved a similar issue—claims of government employees for compensation for "time spent driving to and from work in government-issued vehicles." *Adams v. United States,* 65 Fed. Cl. 217, 219 (2005) ("*Adams I*"), aff'd, 471 F.3d 1321 (Fed. Cir. 2006) ("*Adams II*"), reh'g and reh'g en banc denied, 219 Fed. App'x 993 (Fed. Cir. 2007), cert. denied, 128 S. Ct. 866 (2008).  The parties therefore proposed deferring litigation of this case pending the outcome of plaintiff's petition for writ of certiorari in *Adams II*.  The Court stayed this case while the petition was pending.  *See* Order Staying Case (docket entry 8, July 25, 2007).  On January 7, 2008, the petition for writ of certiorari was denied and the stay expired by its terms.  In monthly status reports thereafter the parties described their efforts to settle all claims other than that seeking compensation for time solely spent driving between home and work in government-owned vehicles.  They also stated that, with respect to that claim, "[plaintiff is] considering what action to take at this time," and "[d]efendant believes the driving claims should be dismissed based upon the Federal Circuit decision in [*Adams II*]."  *See* Joint Status Reports filed February 7, 2008, March 10, 2008, May 14, 2008, and June 30, 2008 (docket entries 12-16).

In *Adams II*, the Federal Circuit affirmed the trial court's holding that time spent by law enforcement officers driving to and from work in government-owned police vehicles was not compensable under the FLSA.  *Adams II,* 471 F.3d at 1323.  The *Adams II* plaintiffs were required as a condition of their employment to commute from home to work in government-owned police vehicles in order to be available for emergency calls.  During the commute they were required to monitor their vehicles' radios and have access to their weapons and other law-enforcement-related equipment.  *Id.*  The Federal Circuit explained that the Portal-to-Portal Act of 1947 clarified that the FLSA does not provide compensation to employees merely for commuting in a government-owned vehicle.  *Adams II,* 471 F.3d at 1325; Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262).  That is, "the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the

time spent driving." *Adams II,* 471 F.3d at 1325.  In addition, the amount of this additional work must be more than *de minimis* to be compensable.  *Id.* at 1327 (citing *Bobo v. United States,* 136 F.3d 1465 (Fed. Cir. 1998)).  The Federal Circuit found that the additional requirements placed upon the *Adams II* plaintiffs beyond "the mere act of driving" were *de minimis* and therefore plaintiffs' claims for compensation were properly denied.  *Id.* at 1328.

During the time the parties were preparing and submitting briefs in this action, Judge Emily Hewitt issued a decision in a related case dismissing substantially identical FLSA claims involving time solely spent driving a government vehicle between home and work.[1] *Easter v. United States,* 83 Fed. Cl. 236 (2008).  The plaintiffs in *Easter,* as in *Adams II*, were government employees required to drive government-owned vehicles containing government equipment to and from work every day while monitoring the vehicle's radio and without making any personal stops.  *Id.* at 242.  Judge Hewitt found that plaintiffs' situation in *Easter* was substantively identical to that of the *Adams II* plaintiffs and, after considering virtually the same arguments as those offered by plaintiff in this case, she held that *Adams II* remains controlling law governing claims for compensation under the FLSA for time solely spent driving a government-owned vehicle between home and work.  *Id.* at 250.  Judge Hewitt found there were no genuine issues of material fact in dispute and held that defendant was entitled to judgment as a matter of law under the rule of *Adams II*: "commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is *de minimis." Id.* (quoting *Adams II,* 471 F.3d at 1328).  Subsequently, Judge Christine Miller decided a case with facts virtually identical to those in this case.  *Redd v. United States,* 2008 WL 4267318 (Fed. Cl. Sept. 12, 2008).  Judge Miller held that plaintiffs who were, like plaintiff in this case, diversion investigators employed by DEA were not entitled to compensation for time solely spent driving to and from work and granted defendant's motion for judgment on the pleadings.  *Id.* at *5.

In support of its motion, defendant argues that *Adams II* is binding precedent requiring that plaintiff's legally and factually identical claim be dismissed as a matter of law.  Plaintiff opposes the motion, arguing both that plaintiff's claim is based on facts different from those involved in prior cases and that *Adams II* is, for various reasons, not binding legal precedent on this Court.

---

[1]The decision in *Easter* was filed August 1, 2008, the day after plaintiff filed his opposition to defendant's motion in this case, July 31, 2008.

3

### *DISCUSSION*

**I.     Standard of Review on Motion for Judgment on the Pleadings and on Motion for Summary Judgment**

The standard for judgment on the pleadings pursuant to RCFC 12(c) is analogous to that applicable to a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6).  *See Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).  A party will prevail on a motion for judgment on the pleadings only when "it appears to a certainty that [nonmovant] is entitled to no relief under any state of facts which could be proved in support of his claim." *Branning v. United States*, 215 Ct. Cl. 949, 950 (1977) (citations omitted).  To survive a 12(b)(6) motion, however, plaintiff is still required in his complaint to make some "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 n.3 (2007).  "[T]he court should only grant a [movant]'s motion for judgment on the pleadings if the [movant] is clearly entitled to judgment on the basis of the facts as the [nonmovant] has presented them."  *Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988). When considering a  motion for judgment on the pleadings, the court is obligated to assume that all of the nonmovant's factual allegations are true and to draw all reasonable inferences in favor of the nonmovant.  *See Atlas Corp. v. United States*, 895 F.2d 745, 749 (Fed. Cir. 1990) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Owen*, 851 F.2d at 1407. The court does not accept, however, "assertions in the pleadings that amount to legal conclusions." *JM Huber Corp. v. United States*, 27 Fed. Cl. 659, 661 (1993).

If, on a motion under 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion may be treated as one for summary judgment under RCFC 56. *Brubaker Amusement Co. v. United States*, 304 F.3d 1349, 1355 (Fed. Cir. 2002).  RCFC 12(c) provides that in such a case "all parties shall be given a reasonable opportunity to present all material made pertinent to such a  motion by RCFC 56."  A summary judgment motion may be granted where there is no "genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  A party is entitled to judgment as a matter of law when "there can be but one reasonable conclusion" as to the outcome.  *Id*. at 250.  Only facts that might affect the outcome of the suit under governing law are considered material.  *Id.* at 248.

**II.    Plaintiff Has Not Alleged Any Facts Relating to His Specific Situation Sufficient to State a Claim for Relief, and There Are No Genuine Issues of Material Fact With Respect to Plaintiff's Claim for Compensation for Time Solely Spent Driving a Government-Owned Vehicle Between Home and Work**

Defendant's motion seeks dismissal of plaintiff's claim insofar as it relates to "time solely spent driving a government vehicle between home and work."  Def.'s Mot. at 1.  The motion is

thus quite specific, focusing on the requirements and restrictions placed on plaintiff by his employer for the time spent by plaintiff actually driving to and from home and work. Defendant's motion does not encompass claims based on any activities that occur before or after plaintiff arrives at home or at his place of work.

Plaintiff makes much of the fact that he alleged in his complaint that "travel" was one of the types of work for which plaintiff was entitled to compensation.  Plaintiff attached to his brief in opposition to defendant's motion regulations set forth at 41 C.F.R. pt. 102-5 ("Home-to-Work Transportation Regulations"), promulgated by the General Services Administration ("GSA") pursuant to the authority conferred by 40 U.S.C. § 121(c) and 31 U.S.C. 1344(e)(1).  The GSA regulations specify when funding may be provided for government employee transportation from home to work.[2]  Pl.'s Response at 3, Exhibit 1 to Pl.'s Response.  Plaintiff, however, has not, in his complaint or elsewhere in the record, alleged or established any facts specifically related to requirements and restrictions applicable to his personal situation.  Plaintiff instead argues, based on GSA's Home-to-Work Transportation Regulations, that his driving-time claim is different from the claims litigated in *Adams II* because diversion investigators perform "field work," as

_____

[2]41 C.F.R. § 102-5.30 is entitled: "What definitions apply to this part?" and provides: "*Field work* means official work requiring the employee's presence at various locations other than his/her regular place of work.  (Multiple stops (itinerant-type travel) within the accepted local commuting area, limited use beyond the local commuting area, or transportation to remote locations that are only accessible by Government-provided transportation are examples of field work.)"

41 C.F.R. § 102-5.100 is entitled: "May we use home-to-work transportation for other than official purposes?" and provides: "No. you may not use home-to-work transportation for other than official purposes.  However, if your agency has prescribed rules for the incidental use of Government vehicles (as provided in 31 U.S.C. note), you may use the vehicle in accordance with those rules in connection with an existing home-to-work authorization."

41 C.F.R. § 102-5.105 is entitled: "May others accompany an employee using home-to-work transportation?" and provides: "Yes, an employee may share space in a Government passenger carrier with other individuals, provided that the passenger carrier does not travel additional distances as a result and such sharing is consistent with his/her Federal agency's policy. . . ."

41 C.F.R. § 102-5.120 is entitled: "What are our responsibilities for documenting use of home-to-work transportation?" and provides: "Your responsibilities for documenting use of home-to-work transportation are that you must maintain logs or other records necessary to verify that any home-to-work transportation was for official purposes.  Each agency may decide the organizational level at which the logs should be maintained and kept. . . ."

5

defined in 41 C.F.R. § 102-5.30, while driving.[3]  Pl.'s Response at 23.  However, plaintiff offers no description of any "field work" he may perform while driving to work or to home or at any other time.  In addition, the definition of field work relied on by plaintiff from the Home-to-Work Transportation Regulations, "official work requiring the employee's presence at various locations other than his/her regular place of work," does not place any requirements or restrictions on plaintiff's activities while commuting.  Pl.'s Response at 24.  A change in the location of plaintiff's work does not materially alter the activities that plaintiff engages in while driving and does not distinguish the job classification of diversion investigator from that of the border patrol agents in *Bobo v. United States,* 136 F.3d 1465 (Fed. Cir. 1998) ("*Bobo II*"), or the law enforcement officers in *Adams II*.  In sum, plaintiff has not alleged any facts that distinguish this case from *Bobo II, Adams II, Easter* or *Redd.*  Also, because defendant's motion relates only to plaintiff's claim involving time solely spent driving a government-owned vehicle between home and work, any inferences this Court might draw in favor of plaintiff relating to his pre- or post-commuting activity would not affect the outcome, given the precise scope of defendant's motion and the *de minimis* doctrine.  Accordingly, plaintiff's drive-time claim should be dismissed pursuant to Rule 12(c).

In the alterative, if defendant's motion were treated as a motion for partial summary judgment because the parties have referenced matters outside the pleadings, defendant would still prevail.  Plaintiff was given a fair opportunity to present all material pertinent to defendant's motion. After the stay expired in January 2008, plaintiff never requested any discovery, by analogy to RCFC 56(f) or otherwise, preferring to stand on the allegations of his complaint and the GSA regulations attached to plaintiff's brief in opposition to defendant's motion.  Pl.'s Response at 3 (stating that "the [complaint's] reference to 'travel,' and the federal regulations applicable thereto . . . satisfy any need for further elaboration of the nature of [plaintiff's] driving claims at this preliminary stage of this proceeding").

Plaintiff argues that defendant has not set forth any facts to support its motion and therefore the motion should be denied.  Pl.'s Response at 7.  However, plaintiff has the burden of proving that his driving-time activities constitute compensable work under the FLSA and is not excepted under the Portal-to-Portal Act.  *Adams II*, 471 F.3d at 1326 (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-67 (1946)).  Therefore, it is not defendant that must set forth facts to support its motion by showing that plaintiff's driving time is not compensable, but rather plaintiff who must set forth facts sufficient to show that his commute is compensable. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Night Vision Corp. v. United States*, 68 Fed.

---

[3]Plaintiff asserts in his opposition brief that diversion investigators' driving-time claims were not litigated "*at all in Adams*."  Pl.'s Response at 23 (emphasis in original).  However, the Court notes that in a Joint Status Report filed with this Court on June 30, 2008 (docket entry 16), the parties represented that "[s]ome of the plaintiffs asserting these [home-to-work driving] claims in *Adams* are or were, like the plaintiffs [sic] in this case, diversion investigators employed by the Drug Enforcement Agency."

Cl. 368, 378 (2005) (*"When a moving party properly identifies an absence of evidence in the nonmoving party's case, the burden then shifts to the nonmoving party to make a showing sufficient to establish that element or create an issue of material fact."*).  Plaintiff has failed to carry that burden.  Even if the Court were to assume, as plaintiff urges, that the Government has the burden of proving that the Portal-to-Portal Act exception applies to plaintiff, that would not affect the outcome.  Accepting the facts as plaintiff has presented them, defendant has carried its burden and is entitled to judgment as a matter of law.  *Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988).  In *Easter*, plaintiffs submitted declarations in response to defendant's motion, and Judge Hewitt therefore treated defendant's motion for judgment on the pleadings pursuant to RCFC 12(c) as a motion for summary judgment pursuant to RCFC 56.  Judge Hewitt held that plaintiffs' claims in that case presented no genuine issue of material fact and defendant was therefore entitled to judgment as a matter of law on the authority of *Adams II*.  *Easter*, 83 Fed. Cl. at 250.  The same result should follow in this case.

III.    **Plaintiff's Drive-Time Claim Is Precluded By the Portal-to-Portal Act Exception to the FLSA and His Time Solely Spent Driving Between Home and Work Is Therefore Not Compensable**

The FLSA was passed in 1938 in part to ensure fair compensation to employees for the time they actually work.  *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (citing 81 Cong. Rec. 4983 (1937) (message of President Franklin D. Roosevelt)).  The FLSA did not explicitly state what activities should be considered compensable work in the context of commuting between home and work.  In 1946 the Supreme Court held in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946), that the time industrial workers spent walking to their work stations after punching a time clock counted as compensable work.  Congress felt the finding in *Anderson* was too generous to employees and too harsh to employers and in response, in 1947, amended the FLSA by passing the Portal-to-Portal Act.  *See Bobo I*, 37 Fed. Cl. at 692 n.3.  As set forth below, the Portal-to-Portal Act excepted from compensation time spent traveling to and from the site of the principal activity the employee was hired to perform. 29 U.S.C. § 254(a) (2000).

> [N]o employer shall be subject to any liability or punishment under the [FLSA], on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for . . . (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities, . . . .  For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the

7

employee or representative of such employee.[4]
29 U.S.C. § 254(a)(1), (2) (2000) (emphasis added).

The Office of Personnel Management ("OPM") is authorized to administer the provisions of the FLSA with respect to government employees[5] and has used this authority to promulgate regulations interpreting the FLSA.  5 C.F.R. §§ 551.401(a), .422(a), (b) ("OPM Guidelines").[6]

---

[4]The last sentence of the Portal-to-Portal Act, "[f]or purposes of this subsection, the use of an employer's vehicle for travel . . . shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area . . . and the use of the employer's vehicle is subject to an agreement on the part of the employer" was added in 1996 by the Employee Commuting Flexibility Act, Pub. L. No. 104-108, § 2102, 110 Stat. 1755, 1928 (1996) ("ECFA").  Plaintiff argues that because there was no agreement between the Government and plaintiff waiving employee compensation for home-to-work travel in a government-owned vehicle, time spent in such travel is compensable.  Pl.'s Response at 20.  However, as pointed out by the court in *Adams I*, the language added to the Portal-to-Portal Act by the ECFA does not mandate compensability for home-to-work driving if no agreement is alleged to exist regarding the noncompensability of those commutes.  *Adams I*, 65 Fed. Cl. at 226.  Therefore, the ECFA provides no support for plaintiff's claim in this case.

[5]"Notwithstanding any other provision of this chapter, or any other law, the Director of the Office of Personnel Management is authorized to administer the provisions of this chapter with respect to any individual employed by the United States . . . ."  29 U.S.C. § 204(f).

[6]5 C.F.R. § 551.401(a) provides: "All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is 'hours of work.' Such time includes: (1) Time during which an employee is required to be on duty; (2) Time during which an employee is suffered or permitted to work; and (3) Waiting time or idle time which is under the control of an agency and which is for the benefit of an agency."

5 C.F.R. § 551.422(a) provides: "Time spent traveling shall be considered hours of work if: (1) An employee is required to travel during regular working hours; (2) An employee is required to drive a vehicle or perform other work while traveling; (3) An employee is required to travel as a passenger on a one-day assignment away from the official duty station; or (4) An employee is required to travel as a passenger on an overnight assignment away from the official duty station during hours on nonworkdays that correspond to the employee's regular working hours."

5 C.F.R. § 551.422(b) provides: "An employee who travels from home before the regular workday begins and returns home at the end of the workday is engaged in normal 'home to work' travel; such travel is not hours of work. When an employee travels directly from home to a temporary duty location outside the limits of his or her official duty station, the time the

8

The OPM Guidelines use the term "hours of work," defined as "all time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency." 5 C.F.R. § 551.401(a). However, as noted earlier, the Portal-to-Portal Act, 29 U.S.C. § 254(a), made clear that time spent commuting was not compensable under the FLSA. *Bobo II,* 136 F.3d at 1467. The OPM Guidelines are entirely consistent with the Portal-to-Portal Act in that regard.

The Second Circuit interpreted the FLSA as amended by the Portal-to-Portal Act in a case involving driving claims similar to the claim at issue here. *Reich v. New York City Transit Auth.,* 45 F.3d 646 (2d Cir. 1995). Plaintiffs in *Reich* were police officers in the New York City Transit Authority's canine unit who were required to commute, using non-public transportation, with their dogs. *Id.* at 647. The court found that simply riding to work with a dog in the vehicle was not compensable work. *Id.* at 652. The court added that time plaintiffs spent actually caring for their dogs during their commute, including feeding, training, walking or cleaning up could be considered compensable work. *Id.* However, the court found that these extra duties occurred so infrequently as to be *de minimis* and therefore plaintiffs' time spent commuting was not compensable. *Id.* at 652.

In *Bobo II,* the Federal Circuit adopted the reasoning of the Second Circuit in *Reich* in a case involving very similar claims. *Bobo II,* 136 F.3d 1465. Plaintiffs in *Bobo II* were border patrol agents who were dog handlers employed by the Department of Justice in the Immigration and Naturalization Service ("INS") who, like plaintiffs in *Reich,* were required to commute with their dogs, but were provided specially equipped government-owned vehicles for use in making their commutes. *Id.* at 1466-67. The *Bobo II* plaintiffs were additionally restricted from making personal stops and were required to wear official uniforms during their commute. *Id.* The court of appeals affirmed the decision of the trial court holding for defendant based on the reasoning of the Second Circuit in *Reich*. *Bobo II,* 136 F.3d at 1465. Our court of appeals found that the restrictions and requirements placed upon the *Bobo II* plaintiffs were "insufficient to pass the *de minimis* threshold" and plaintiffs' commuting time was therefore non-compensable.[7] *Id.* at 1468.

---

employee would have spent in normal home to work travel shall be deducted from hours of work as specified in paragraphs (a)(2) and (a)(3) of this section."

[7]The Federal Circuit expressly declined to adopt a contrary interpretation of the Portal-to-Portal Act set forth in *Aguilar v. United States,* 36 Fed. Cl. 560 (1996). *Bobo II,* 136 F.3d at 1468 n.1.

The factors that the trial court derived from *Reich* to determine whether the *Bobo II* plaintiffs' activities were compensable under the Portal-to-Portal Act were: "1) whether the disputed activity primarily benefits the employer or is mainly performed for the employee's convenience; 2) whether the employer requires the employee to engage in the activity; and 3)

In 2006, the Federal Circuit, in *Adams II*, reiterated its approval of *Reich* and its interpretation of compensable work under the FLSA as amended by the Portal-to-Portal Act. *Adams II,* 471 F.3d at 1323.  The trial court in *Adams I* found that plaintiffs provided "no evidence of restrictions or burdens on these plaintiffs during their commutes, such as prohibitions on personal stops or a requirement to monitor radio communications."  *Adams I,* 65 Fed. Cl. at 232.  Based on those findings, the court of appeals held that plaintiffs' commute time was minimally burdened and at no time during the commute were plaintiffs required to perform any tasks that passed the *de minimis* threshold.  Thus, the court of appeals concluded that time spent by plaintiffs traveling between work and home was not compensable under the FLSA.  *Adams II*, 471 F.3d at 1327.

Here, plaintiff alleges only that he is on duty while commuting and performs "field work," as defined in 41 C.F.R. § 102-5.30, during that time.  Pl.'s Response at 13, 23.  As discussed previously in Section II,  driving to the site of "field work" is preliminary or postliminary to plaintiff's principal activity.  *See* 29 U.S.C. § 254(a)(1), (2).  The only restrictions and requirements on plaintiff's commute found in GSA's Home-to-Work Transportation Regulations attached to plaintiff's opposition brief are the prohibition on personal use of government-owned vehicles and a requirement to maintain a log of the use of the vehicles. 41 C.F.R. § 102-5.100, 120.  Since neither of those requirements could be considered principal work activity, unlike some of the dog-care duties at issue in *Reich* and *Bobo II,* plaintiff's drive-time claim is precluded by the Portal-to-Portal Act exception.  If *Adams II* is controlling precedent, plaintiff's claim for compensation for time solely spent driving a government-owned vehicle between home and work must fail.  Plaintiff, however, asserts that *Adams II* is not controlling.

IV.    ***Adams II* is Controlling Precedent**

Plaintiff argues, based on certain decisions of the United States Supreme Court and for other reasons, that *Adams II* is no longer good law.  However, it is well established that this Court is bound to accept as binding all precedential decisions of the Federal Circuit.  *West Seattle Gen. Hosp., Inc. v. United States,* 1 Cl. Ct. 745, 746 (1983) (citing General Order No. 1 of the

---

whether a close relationship is present between the disputed activity and the employee's principal duties."  *Bobo v. United States,* 37 Fed. Cl. 690, 693 (1997) ("*Bobo I*").  The court of appeals accepted that some of the activities that plaintiffs claimed to perform while commuting, such as taking care of dogs, were "compulsory, for the benefit of the INS, and closely related to the INS Agents' principal work activities."  *Bobo II,* 136 F.3d at 1468.  However, in accordance with the analysis of the Second Circuit in *Reich,* the Federal Circuit held that the burdens alleged by plaintiffs in *Bobo II* were *de minimis* and therefore plaintiffs' time spent driving between home and work was not compensable.  *Bobo II,* 136 F.3d at 1468.

United States Claims Court); *Crowley v. United States,* 398 F.3d 1329, 1335 (Fed. Cir. 2005) ("The Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court.")   The trial court's duty exists without regard to whether a party argues that the Federal Circuit case was wrongly decided.  *Local Oklahoma Bank, N.A. v. United States,* 452 F.3d 1371, 1376 (Fed. Cir. 2006) (rejecting appellant's argument that the decision of the Court of Federal Claims was based on a wrongly decided, and hence nonbinding, Federal Circuit decision).

Plaintiff contends that the Supreme Court's decisions in *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005) *("Brand X")* and *Long Island Care at Home, Ltd. v. Coke,* 127 S. Ct. 2339 (2007) *("Coke")* are inconsistent with the Federal Circuit's decision in *Adams II* and require this Court to disregard *Adams II* in considering defendant's motion.  For various reasons, not the least of which is that *Adams II* is factually distinguishable from both *Coke* and *Brand X*, plaintiff's request that this Court ignore *Adams II* as binding precedent is rejected.  *Brand X* was decided on June 27, 2005, more than a year before *Adams II,* which was decided on December 18, 2006.  That fact alone casts doubt upon plaintiff's argument that the reasoning of the Supreme Court in *Brand X* changed the substantive law enunciated in *Adams II.*  Moreover, plaintiffs in *Adams*, represented by the same counsel as plaintiff here, did not even cite to the extant decision in *Brand X* in their briefing or argument before the Federal Circuit panel, in their petition for rehearing, or in their briefing before the Supreme Court.  If *Adams II,* when issued, conflicted with a recent decision of the United States Supreme Court, one presumes that the petition for writ of certiorari would have been an excellent time to raise the point.

Upon closer examination, the reason for the failure to raise *Brand X* in the *Adams II* briefing becomes clear: although plaintiff now argues that *Adams II* is inconsistent with *Brand X* and *Coke*, those decisions are simply inapplicable here.  Plaintiff argues that *Brand X*, which involved a declaratory ruling issued by the Federal Communications Commission, requires this Court to defer to an interpretation of the OPM Guidelines espoused by plaintiffs.  Pl.'s Response at 13-14.  But *Brand X*  required the Ninth Circuit to defer to the Commission's declaratory ruling even though the declaratory ruling interpreted the very same statutory ambiguity the Ninth Circuit had previously addressed, and came to a different conclusion.  *Brand X,* 545 U.S. at 982. The Court made clear, however, that a court's prior judicial construction trumps any agency interpretation that would otherwise be entitled to deference if the prior court decision held that its construction followed from the unambiguous terms of the statute.  *Id.*  Both *Bobo II* and *Adams II* affirmed trial court decisions that considered the provisions of the Portal-to-Portal Act and the OPM Guidelines and correctly concluded that the Act and the Guidelines required that plaintiffs show that the nature and amount of work required were so demanding as to make time spent commuting between home and work compensable.  *Bobo I*, 37 Fed. Cl. at 698 n.11 (stating that 551.422(b) "simply states the truism that normal commuting time is rendered noncompensable by the Portal Act travel exception" and that 551.401(a) and 551.422(a)(2) "set forth a

11

truism—that employees are entitled to FLSA pay whenever they perform work while commuting"); *Adams I*, 65 Fed. Cl. at 239 ("Plaintiffs have not shown that OPM regulations interpret FLSA to provide compensation for the commuting time claims asserted here."). *Bobo II* and *Adams II* determined that the requirements and restrictions applicable to plaintiffs in those cases during the time they spent traveling in a government-owned vehicle between home and work were *de minimis* and therefore such time was not compensable. *Bobo II*, 136 F.3d at 1465; *Adams II*, 471 F.3d at 1321. Those cases did not involve a failure to give proper deference to agency regulations. Rather, the Federal Circuit in those cases simply interpreted unambiguous provisions of the Portal-to-Portal Act and the OPM Guidelines in a manner that precluded plaintiffs' claims for compensation.

Plaintiff likewise misconstrues *Coke*. In that case the Supreme Court reversed a decision by the Second Circuit declaring that a regulation of the Department of Labor ("DOL") providing FLSA coverage for certain home healthcare workers was not entitled to deference in the face of Second Circuit authority to the contrary. Because DOL acted to fill a gap in the statutory scheme, however, the Supreme Court held that DOL's interpretation was entitled to deference. *Coke*, 127 S. Ct. at 2345-46. But as described above, both *Bobo I* and *Adams I* interpreted unambiguous provisions of the Portal-to-Portal Act and the OPM Guidelines as written. They did not hold that any OPM regulation was undeserving of deference.[8] *Bobo I,* 37 Fed. Cl. at 698; *Adams I,* 65 Fed. Cl. at 240.

Plaintiff asserts that *Brand X* and *Coke* have "changed the relationship between a trial court and its reviewing court when examining agency regulations under silent or ambiguous statutes." Pl.'s Response at 7. Plaintiff relies upon non-binding trial court decisions, including *AARP v. EEOC,* 390 F. Supp. 2d 437 (E.D. Pa. 2005) and *Fuller v. Teachers Insurance Company,* 2007 WL 2746861 (E.D.N.C. Sept. 19, 2007), in urging this Court to reject the precedent of our reviewing court. This Court does not find plaintiff's argument persuasive. Both *AARP* and *Fuller* purported to follow *Brand X*, which, as explained above, does not support plaintiff's contention here.[9]

---

[8] The Federal Circuit in *Bobo II* and *Adams II* did not specifically discuss the deference to which OPM regulations might be entitled. Each decision affirmed the judgment of the trial court, which interpreted the relevant language of the statutory and regulatory provisions to unambiguously preclude plaintiffs' claims. There was therefore no occasion to consider any issues of judicial deference. *Bobo II*, 136 F.3d at 1465, *Adams II,* 471 F.3d at 1325.

[9] Judge Hewitt in *Easter* also declined to adopt plaintiffs' position that *AARP* and *Fuller* authorized the Court of Federal Claims to disregard *Adams II*. *Easter*, 83 Fed. Cl. 236, 250 (2008).

Finally, plaintiff cites *Billings v. United States,* 322 F.3d 1328 (Fed. Cir. 2003), a Federal Circuit case which considered an FLSA exemption not related to driving to and from work.  Pl.'s Response at 17.  *Billings* dealt with a conflict in the definition of "executive" as used in the FLSA between the DOL and OPM.  The Federal Circuit held that differences in the interpretation of a statutory ambiguity between agencies are acceptable as long as they are reasonable.  *Id.* at 1330, 1335.  Plaintiff argues, based on *Billings*, that this Court is required to defer to DOL home-to-work driving rules applicable to ambulance drivers, Pl.'s Response at 19, notwithstanding the decision in *Adams II.*  It is entirely reasonable, of course, that such rules would differ from the interpretation of the statutory and regulatory provisions applicable to employees who, like plaintiff, are not ambulance drivers.  The material facts in this case are obviously different from those in *Billings* and are virtually identical to the material facts in *Adams II.*  *Adams II* is binding precedent on this Court, and the outcome here is controlled by the decision of the Federal Circuit in that case.

### CONCLUSION

In consideration of the foregoing, the Court **GRANTS** defendant's motion for judgment on the pleadings with respect to plaintiff's claim for compensation for time solely spent driving a government vehicle between home and work.

The Court **ORDERS** that the parties shall file a joint status report by **October 29, 2008** advising the Court of the status of their settlement efforts.  Unless all other issues have been settled, the parties shall, in their report, propose an agreed schedule of further proceedings looking toward resolution of the remaining issues in the case.

**IT IS SO ORDERED**.

 s/ George W. Miller
GEORGE W. MILLER
Judge